JANUARY TERM, 1884, No. 73.　　　　FEBRUARY 1, 1884.

## Storey's Appeal.

1. The personal estate of a decedent must first be applied to the payment of his debts unless the contrary be directed by the testator in express words or by clear and manifest intention.

2. Testator first directed that "all my just debts and funeral expenses be fully paid and satisfied by my executrix." After giving certain specific articles to his stepson, he gave to his wife "all the rest and residue of my personal estate, whether the same be moneys in my house or in bank or invested in stocks, bonds, or mortgages, or consisting of my household goods." *Held*, that this general reference to the kind of property he possessed did not destroy the residuary character of the devise, and that therefore the widow cannot, as against the debts of the testator, take the personal estate discharged from their payment and cast them on the real estate.

[Storey's Appeal.]

Before Mercur, C. J.; Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.

Appeal of Ann Storey, widow, and executrix of the last will and testament of John Storey, deceased, from the decree of the orphans' court of *Philadelphia County.*

At the audit in the court below before Hanna, P. J., the following facts appeared :

John Storey died November 6, 1881, having made his last will and testament, dated October 25, 1881, which provided as follows :

"*Imprimis :* I direct that all my just debts and funeral expenses be fully paid and satisfied by my executrix, hereinafter named, as soon as may be conveniently done after my decease.

*Item 1.*—I give, devise, and bequeath unto my stepson, George F. Adams, for his sole use and benefit, all and singular my books, engravings, photographs, photographic instruments, and oil paintings.

*Item 2.*—I give, devise, and bequeath unto my beloved wife, Ann Storey, (formerly Ann Adams,) for her sole use and benefit, all the rest and residue of my personal estate, whether the same be moneys in my house or in bank, or invested in stocks, bonds, or mortgages, or consisting of my household goods.

*Item 3.*—I give, devise, and bequeath unto my dear wife, Ann Storey, for and during the term of her natural life, in lieu of her dower, if she should so elect, all and singular my lands, tenements, hereditaments, wheresoever the same may be situate ; and from and after her decease, I give, devise, and bequeath the same (or the proceeds thereof, should any part of my said real estate be sold by my executrix, as hereinafter provided,) unto my heirs-at-law, in fee simple, share and share alike. And it is my will and desire that my said wife shall have full power and authority to sell all or any part of my said real estate, should she deem such a course advisable, provided she shall invest the proceeds thereof in other real estate, or real estate securities, she to take the income of said re-investments for the term of her life, with remainder to my heirs-at-law, share and share alike, my will and intention being that my said wife and my heirs-at-law shall respectively be vested with the same interests in the proceeds of such sale or sales of my real estate, should any such be made, as they would respectively take in the same under my will if no such sale or sales were made.

And lastly, I do hereby nominate, constitute, and ap-

point my beloved wife, Ann Storey, to be the sole execu-trix of this my last will and testament."

The executrix filed an account claiming a credit, *inter alia*, as follows:

"By amount of goods, chattels, and moneys bequeathed to the widow of the decedent, and charged in the inventory, amounting to $568, and showing a balance due accountant of $307 25."

The auditing judge, HANNA, P. J., found as follows:

"The widow has not sold any portion of the property included in the inventory, but has retained the same, excluding the articles specifically bequeathed to her son, at the appraised value. She must account for the same as cash, and not retain the articles at their appraised value, as if specifically bequeathed to her. They were not thus bequeathed to her, but she is given only the 'residue' of the personal estate; that is, what remains after the payment of debts and the settlement of the estate.

The credit claimed by the accountant for $568, the appraised value of the goods, chattels, and other personal estate, is accordingly disallowed."

Counsel for the executrix and widow filed exceptions to this adjudication; which were subsequently dismissed by the court.

The widow and executrix then appealed, and assigned as error the finding of the court below and the refusal to hold that the real estate was alone liable for the payment of the debts of decedent.

*William Hopple, Jr.*, for appellant.

The words "rest and residue" mean that which remained after the specific bequest to the stepson, and not that which remained after the payment of the debts and the settlement of the estate: Brownfield's Estate, 8 Watts, 465; Diehl's Appeal, 12 Casey, 120; Brightly's Dig., p. 1607; Copia's Estate, 5 Phila., 214.

A legatee of specific chattels is entitled to them, clear of the testator's debts, which are payable out of the residue: McLaughlin *v.* McGlaughlin, 12 Harris, 20. There is no residuary legatee in this will. Money in my house is a specific legacy.

*William A. Grissinger* for appellees.

The personal estate must first be applied to the payment of decedent's debts, unless the contrary is expressly directed by testator: Ruston *v.* Ruston, 2 Yeates, 63; Todd *v.* Todd, 1 S. & R., 452; Martin *v.* Fry, 17 *Id.*, 426.

[Williams *v.* Elliott *et al.*]

The direction to pay the just debts indicates the intention that all succeeding general devises and bequests were to be subject to such payment.

A general bequest of all testator's personal estate, enumerating the various items, is not a specific one, so as to exempt it from the payment of debts: Walker's Estate, 3 Rawle, 229; Todd *v.* Todd, *supra*.

The words "all the rest and residue," after a direction to pay the debts and after a specific legacy, preclude the idea of a specific legacy.

February 11th, 1884.—Per Curiam: The personal estate of a decedent must first be applied to the payment of his debts, unless the contrary be directed by the testator in express words, or by clear and manifest intention. In this case, the testator first directed that all his debts be paid by his executrix. Then, after giving certain specific articles to his stepson, he gave to the appellant "all the rest and residue" of his personal estate, whether it consisted of money in his house or in bank, or invested in stocks, bonds, or mortgages, or consisting of his household goods. This general reference to this kind of property he possessed did not destroy the residuary character of the devise. Thus holding, she cannot, as against the debts of the testator, take the personal estate discharged from their payment, and cast them on the real estate.

Decree affirmed and appeal dismissed at the cost of the appellant.